# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., <br><br> Plaintiff, <br><br> v. <br><br> D. LOPEZ, et al., <br><br> Defendants. | Case No. 1:16-cv-01557-AWI-SAB (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS FROM THIS ACTION <br><br> (ECF No. 9) <br><br> THIRTY DAY DEADLINE |

Plaintiff James Cato, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 8, 2017, Plaintiff's complaint was screened and was found to state cognizable claims that were unrelated. Plaintiff was ordered to either file an amended complaint or notify the Court which cognizable claim he wished to proceed on in this action. Currently before the Court is Plaintiff's amended complaint, filed May 17, 2017.

## I.

## SCREENING ORDER

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently housed at California State Prison, Corcoran. During an appeal interview on April 9, 2015, Defendant D. Lopez confiscated two transgender informational brochures that Plaintiff had previously received in the mail. Plaintiff contends that the informational brochures comply with departmental policy and Defendant Lopez' actions served no penological interest and violated his rights under the First Amendment to receive and possess mail.

Plaintiff alleges that on July 14, 2015, Defendant Lopez retaliated against Plaintiff for filing a staff complaint against Defendant Lopez when approximately four hours after a massive

2

unit cell search in which Plaintiff's cell was cleared of contraband, Defendant Lopez conducted a personal search of only Plaintiff's property and confiscated his legal documents and his property was left in disarray. Plaintiff alleges that the search of his property served no penological interest and violated his right to file grievances without retaliation and his right to possess legal documents.

On August 12, 2014; September 17, 2014; October 22, 2014; October 23, 2014; and June 11, 2015; Defendant J. Perez confiscated pictures from Plaintiff's incoming mail. Plaintiff contends that the pictures do not violate CDCR policy and the confiscation of his mail served no legitimate penological interests and violated his right to receive mail under the First Amendment.

## III.

## DISCUSSION

### A. Interference with Mail

#### 1. First Amendment

Prisoners have a right under the First Amendment to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). "However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.'" Witherow, 52 F.3d at 265 (quoting Turner v. Safely, 482 U.S. 78, 89, 107 S. Ct 2254, 2261 (1987)). It has long been established that security of the institution is a legitimate penological interest. Procunier v. Martinez, 416 U.S. 396, 413 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989).

#### a. Defendant Perez

Plaintiff alleges that Defendants Perez confiscated his mail that did not violate CDCR policy and the confiscation served no legitimate penological interest. At the pleading state this is sufficient to state a claim for violation of Plaintiff's right to receive mail under the First Amendment. Plaintiff has stated a claim against Defendants Perez for interference with his mail in violation of the First Amendment.

///

///

b.     **Defendant Lopez**

Plaintiff alleges that on April 9, 2015, Defendant Lopez confiscated two transgender informational brochures that Plaintiff received in the mail and that his actions did not advance a legitimate penological purpose. While Plaintiff alleges a violation of his rights under the First Amendment to receive and possess mail, Plaintiff received the mail and is alleging that after he possessed the brochures Defendant Lopez confiscated them. The confiscation of Plaintiff's brochures in this instance does not implicate the First Amendment right to receive mail, but is analyzed under the due process clause. Plaintiff has failed to state a claim against Defendant Lopez under the First Amendment based upon the allegation that he confiscated brochures that were in Plaintiff's possession.

**B.     Due Process**

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Here, Plaintiff is alleging that Defendant Lopez confiscated brochures that he is allowed to have pursuant to CDCR policy. Accordingly, Plaintiff has alleged an unauthorized and intentional deprivation of his property that is not redressable under the federal Due Process Clause. Hudson, 468 U.S. at 533 ("The state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligence conduct," and such a deprivation "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if" the state "provides a suitable postdeprivation remedy."); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations."). Since Plaintiff has an adequate suitable postdeprivation remedy for the confiscation of his

1 personal property, Plaintiff fails to state a cognizable that Defendant Lopez violated Plaintiff's
2 rights under the Due Process Clause.

### C. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that Defendant Lopez retaliated against him by searching Plaintiff's personal property following a massive cell unit search during which Plaintiff's cell was searched and cleared of contraband. While Plaintiff alleges that Defendant Lopez searched his cell in retaliation for Plaintiff filing a grievance against him, there are no facts by which the Court can reasonably infer that Defendant Lopez was aware that Plaintiff had filed a grievance. Plaintiff has not alleged facts by which the Court can infer that the search of Plaintiff's personal property was because Plaintiff had filed a grievance rather than because contraband was found in Plaintiff's cell during the original search. Accordingly, the Court finds that the allegations in the amended complaint are insufficient to state a cognizable claim of retaliation against Defendant Lopez.

### D. Joinder

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in

separate lawsuits. See George v. Smith, 507 F.3d at 609-10 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

As Plaintiff was advised in the May 8, 2017 screening order, the claims that Plaintiff is attempting to bring in this action are unrelated. Plaintiff's retaliation and confiscation of his personal property claims against Defendant Lopez are unrelated to his claim that Defendant Perez confiscated his mail on numerous occasions. These incidents arise out of separate and distinct incidents and do not involve the same defendants. Therefore, these claims are improperly joined in this lawsuit. Hence, further amendment would not solve the joinder issue.

Therefore, the Court recommends that the claims against Defendant Lopez be dismissed from this action and that this action proceed only on Plaintiff's claim that Defendant Perez interfered with his mail in violation of the First Amendment.

## V.

## CONCLUSION AND RECOMMENDATION

Plaintiff has stated cognizable claims against Defendant Perez for interference with mail in violation of the First Amendment. Plaintiff has failed to state a cognizable claim against any other defendant named in this action. Additionally, the other claims which Plaintiff seeks to bring in this action are unrelated to the claims against Defendant Perez.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's claims against Defendant Lopez based on confiscation of his personal property and retaliation be DISMISSED without leave to amend for failure to state a claim; and

2. This action proceed against Defendant Perez for interference with Plaintiff's mail in violation of the First Amendment.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings

and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 18, 2017**

UNITED STATES MAGISTRATE JUDGE