# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., | Case No. 1:16-cv-01557-AWI-SAB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS FROM THIS ACTION |
| v. | |
| D. LOPEZ, et al., | (Doc. No. 10) |
| Defendants. | |

Plaintiff James Cato, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 18, 2017, the magistrate judge issued findings and recommendations recommending that Plaintiff's claims against Defendant Lopez based on confiscation of his personal property and retaliation be dismissed for the failure to state a claim upon which relief may be granted. The magistrate judge further recommended that this action proceed only against Defendant Perez for interference with Plaintiff's mail in violation of the First Amendment. The findings and recommendations were served on Plaintiff and contained notice that objections were to be filed within thirty days. Plaintiff filed objections on June 7, 2017. (Doc. No. 11.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's

1   objections, the Court finds the findings and recommendations to be supported by the record and
2   by proper analysis.

3        Plaintiff makes no objection to the dismissal of his retaliation claim against Defendant
4   Lopez based upon a cell search and confiscation of legal documents. Plaintiff objects that he is
5   suing Defendant Lopez for the theft of his mail, and that the theft was based on a personal bias.
6   The magistrate judge correctly found that Plaintiff's allegations do not state a federal cause of
7   action. At most, these allegations may plead a claim of conversion under California law. *See*
8   *Burlesci v. Peterson*, 68 Cal. App. 4th 1062, 1085 (1998) ("The elements of a conversion claim
9   are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's
10  conversion by a wrongful act or disposition of property rights; and (3) damages."). The existence
11  of an adequate state post-deprivation remedy for property deprivation precludes relief under
12  Section 1983. King v. Massarweh, 782 F.2d 825, 827 (9th Cir. 1986).

13       Also, the magistrate judge correctly found that any claim of Plaintiff's against Defendant
14  Lopez for theft of his mail arose out of separate and distinct incidents to those underlying
15  Plaintiff's claim of mail interference against Defendant Perez. Plaintiff was repeatedly informed
16  of the appropriate legal standards and informed that these claims were improperly joined in a
17  single lawsuit. Plaintiff was warned that in amending his complaint, he was required to choose
18  which claims to proceed upon, or the Court would determine which claims would proceed, if
19  any. (ECF No. 8, at p.7.)  Therefore, dismissal of Plaintiff's claims against Defendant Lopez is
20  appropriate.

21       Accordingly, IT IS HEREBY ORDERED that:

22       1.     The findings and recommendations filed on May 18, 2017 (Doc. No. 10), are
23  adopted in full;

24       2.     Plaintiff's claims based upon confiscation of his mail and for retaliation against
25  Defendant Lopez are dismissed for the failure to state a claim upon which relief may be granted;

26       3.     This action shall proceed against Defendant Perez for interference with Plaintiff's
27  mail in violation of the First Amendment; and

28  ///

4.      This matter is referred to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  __July 21, 2017__                    _____

                                            SENIOR  DISTRICT  JUDGE